Matthew A. Goldberg, OSB 052655
Email: matt@lotuslawgroup.com
Allison C. Bizzano, OSB 052014
Email: allison@lotuslawgroup.com
Lotus Law Group, LLC
5200 SW Macadam Ave., Ste. 500
Portland, OR 97239
Telephone: (503) 606-8930

Attorneys for Defendants Mary E. Wagner, Richard Wagner,
Steven Wagner, and Yamhill Naturals, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MOMTAZI FAMILY, LLC, | Civil No. 3:19:cv-00476-BR |
| Plaintiff, | DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE |
| v. | (ORAL ARGUMENT REQUESTED) |
| MARY E. WAGNER, RICHARD WAGNER, STEVEN R. WAGNER, and YAMHILL NATURALS, LLC, | |
| Defendants. | |

## TABLE OF CONTENTS

LR 7-1 and LR 7-2 Certifications ................................................................1

MOTION...................................................................................................1

MEMORANDUM ......................................................................................3

I.    INTRODUCTION  ...........................................................................3

II.    ARGUMENT ...................................................................................4

A.    The Court Should Dismiss Plaintiff's Claims With Prejudice ....................................4

1.    Standard For Dismissal Under Rule 12(b)(1) For Lack Of Subject Matter Jurisdiction  ...........................................................................4

2.    Standard For Dismissal Under Rule 12(b)(6) For Failure To State A Claim ........5

B.    Plaintiff Cannot Establish Constitutional Standing.....................................6

C.    Plaintiff Abjectly Fails To Establish "RICO" Standing." .........................................7

1.    Plaintiff Cannot Establish Injury There Is No "Concrete Financial Loss." ...........7

2.    Plaintiff's Alleged Injuries Were Not Directly or Proximately Caused By Defendants' Alleged RICO Violations...............................................................10

D.    Plaintiff Fails To Plausibly Allege Substantive RICO Claims Against Defendants..12

1.    Plaintiff Does Not Plausibly Allege That Defendants "Conduct" or "Participate In The Conduct" Of The Alleged Marijuana Operation.......................................13

2.    Plaintiff Fails To Plausibly Allege That The Marijuana Operation Is An "Association-In-Fact-Enterprise." ......................................................................15

a.    Lack Of Common Purpose ..................................................................16

b.    No Ongoing Organization ...................................................................16

c.    No Continuing Unit ...........................................................................16

E.    Plaintiff's Pleading Failures Preclude Its RICO Conspiracy Allegations .................17

III.    CONCLUSION...........................................................................................18

# TABLE OF AUTHORITIES

**Cases**                                                     **Page(s)**

*Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013) ...........................................6

*Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006) ..............................10

*Baumer v. Pachl*, 8 F.3d 1341 (9th Cir. 1993) ...........................................14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................6

*Canyon Cty. v. Syngenta Seeds, Inc.*, 519 F.3d 969 (9th Cir. 2008) .........................7, 12

*In re Century Aluminum Co. Secs. Litig.*, 729 F.3d 1104 (9th Cir. 2013) ...................12

*Cooper Indus., Inc., Cooper Tools Div. v. Lagrand Tire Chains*, 205 F. Supp 2d 1157 (D. Or. 2002)...........................................14

*Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2005) .................................9

*Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990 (9th Cir. 2014) .....5, 9, 11, 12, 15, 16, 17

*Everett Assocs., Inc. v. Transcontinental Ins. Co.*, 57 F. Supp. 2d 874 (N.D. Cal. 1999) ............ 6

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167 (2000) .................6

*H.J. Inc. v. NW. Bell Tel. Co.*, 492 U.S. 229 (1989) ...................................17

*Holloway v. Clackamas River Water*, No. 3:13-CV-01787-AC, 2016 WL 5429659 (D. Or. July 5, 2016) ...........................................7, 12

*Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258 (1992) ..................................11

*Iolab Corp. v. Seaboard Sur. Co.*, 15 F.3d 1500 (9th Cir. 1994) ...................................6

*Imagineering, Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303 (9th Cir. 1992) ...........................1, 7, 8, 11

*Kachikan v. United States*, 137 S. Ct. 2109, 197 L. Ed. 907 (2017) ...........................15

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014) ...........................12

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) ...........................................7

*Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038 (9th Cir. 2008) ............................. 12 n. 3

*Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007) ...................................................... 15, 16

*Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n*, 298 F.3d 768 (9th Cir. 2002) .......... 10

*Oscar v. Univ. Students Co-op. Ass'n*, 965 F.2d 783 (9th Cir. 1992) ....................................9, 10

*Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924 (9th Cir. 1994) ...........................................10

*Religious Tech. Ct. v. Wollersheim*, 971 F.2d 364 (9th Cir. 1992) .............................................17

*Reves v. Enrst & Young*, 507 U.S. 170 (1993) ...........................................................................14

*Rubicon Global Ventures, Inc. v. Chongqing Zongshen Group Import/Export Corp.*, 226 F. Supp. 3d 1141 (2016) .................................................................................................... 15

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004) ..................................................4

*Savage v. Glendale Union High Sch.*, 343 F.3d 1036 (9th Cir. 2003) ..........................................5

*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985) ............................................................. 1, 13

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) ..............................................7

*U.S. v. Christensen*, 828 F.3d 763 (9th Cir. 2015) .....................................................................15

*U.S. v. Feldman*, 853 F.2d 648 (9th Cir. 1988) ..........................................................................16

*U.S. v. Turkette*, 452 U.S. 576 (1981) ........................................................................13, 15, 16

*Walter v. Drayson*, 538 F.3d 1244 (9th Cir. 2008) ....................................................................13

*Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) .......................................................................7

**Statutes**

18 U.S.C. § 1961 ............................................................................................................................3

18 U.S.C. § 1962 ............................................................................. 1, 10, 12-14, 17

**Rules**

Fed. R. Civ. P. 11 ...........................................................................................................................5

Fed. R. Civ. P. 12(b) .................................................................................................................1, 4

LR 7-1(a)(1) ..................................................................................................................................1

LR 7-2(b)(1) ...........................................................................................................................1

## CERTIFICATION OF COMPLIANCE WITH LR 7-1(a)(1)

Counsel for Defendants certifies that they have conferred with Plaintiff's counsel and Plaintiff opposes this Motion.

## CERTIFICATION OF COMPLIANCE WITH LR 7-2(b)(1)

This Motion complies with the applicable word-count limitation under LR 7-2(b)(1) because it contains 5,417 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

## MOTION

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants respectfully move this Court for an order dismissing the Complaint (Dkt. #1) with prejudice. Plaintiff filed a pending lawsuit against the Wagners in Yamhill County Circuit Court for the State of Oregon in April 2017 under Case No. 17CV15941 (the "State Lawsuit") based on the same alleged facts; Plaintiff has filed this Complaint against Defendants *solely* for improper purposes in order to harass, cause unnecessary delay, and needlessly increase the cost of litigation. *See* Declaration of Allison C. Bizzano ("Bizzano Decl.") ¶ 2, Ex. 1.[1] Plaintiff has failed to state ultimate facts sufficient to constitute a claim for relief. Plaintiff has failed to state a claim under section 1962(c) alleging "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Imagineering, Inc. v. Kiewit Pacific Co.*, 976 F.2d 1303, 1310 (9th Cir. 1992) (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).

---

[1] Plaintiff's counsel in the State Lawsuit just reported to Yamhill County Circuit Court that it intends to seek leave to amend the State Lawsuit to add an erosion claim, like the one alleged in the Complaint, despite having filed the State Lawsuit years ago without ever mentioning an erosion claim. Bizzano Decl. ¶ 3.

As of the date of this Motion, undersigned counsel has presented Plaintiff's counsel with overwhelming evidence of the abject falsity of the allegations in the Complaint, but Plaintiff's counsel still refuses to dismiss this action. Declaration of Allison C. Bizzano ("Bizzano Decl.") ¶¶ 6-9. For example, Plaintiff's counsel is aware of a major discrepancy between the allegations in the Complaint and those made in a sworn declaration filed by Plaintiff in the State Lawsuit. *Id.* ¶¶ 4, 6-9.

Plaintiff's counsel is also aware that none of the Defendants has *ever* produced, processed, or distributed marijuana on the property for commercial purposes, as is Mahmood Momtazi ("Mr. Momtazi"), the sole member and/or manager of Momtazi Family LLC ("Momtazi") and Maysara Winery LLC ("Maysara"), the plaintiff in the State Lawsuit. *Id.* ¶ 7; *see also* Declaration of Mary Wagner ("Wagner Decl."). Specifically, the Complaint alleges that Defendants "erected large commercial greenhouses on the Wagner Property" and "converted a large barn on the Wagner Property into a fully operational facility for producing and processing marijuana." Complaint ¶¶ 12, 11. Plaintiff and Plaintiff's counsel know these allegations are false because Mr. Momtazi lives next door and inspected the real property owned by Steven and Mary Wagner (including the barn) as recently as May 13, 2019 during a property inspection in the State Lawsuit, a fact of which Plaintiff's counsel is aware. *Id.* ¶ 6. Inexplicably, Plaintiff's counsel refuses to dismiss the Complaint, presumably in order to force Defendants to incur additional and unnecessary legal fees to file this Motion, resulting in a waste of precious judicial resources.

In addition to basing the Complaint on demonstrably false facts adduced in bad faith, Plaintiff does not have standing and cannot establish standing by amending the Complaint.

///

# MEMORANDUM IN SUPPORT

## I.    INTRODUCTION

Momtazi and Steven and Mary Wagner own real property located in the Exclusive Farm Use ("EFU") District of Yamhill District. The Complaint alleges civil claims against Defendants Mary E. Wagner, Richard Wagner, Steven Wagner, (together, the "Wagners") and Yamhill Naturals, LLC ("Yamhill Naturals," and together with the Wagners, the "Defendants") under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68. The RICO claims arise out of state trespass claims, including allegations of erosion. The Complaint vaguely alleges that the Defendants have injured Plaintiff by diminishing the value of its property. The Complaint contains more abjectly false statements of fact as Defendants' counsel have ever seen in a matter in this Court or any other.

On or about August 1, 2018, Plaintiff executed a lease with Maysara to rent all of its property for $179,000 per month to Maysara (i.e., *all 532 acres* and all structures, equipment, grapes, and crops) through August 1, 2021. Bizzano Decl. *Id.* ¶ 5, Ex. 3.  Plaintiff simultaneously filed a motion for leave to amend and substitute parties in the State Lawsuit. *Id.* ¶ 4, Ex. 2. Plaintiff, by and through Mr. Momtazi, its sole member and/or manager, swore under penalty of perjury that Maysara—not Momtazi—is the true party in interest. In his sworn declaration, Mr. Momtazi stated "the interest of Maysara Winery, LLC is the one most immediately threatened by the defendants' anticipated development of a marijuana farm operation, and for that reason it is most appropriate for Maysara Winery, LLC to proceed with the causes of action against the defendants." *Id.* ¶ 4, Ex. 2. Based on Plaintiff's own sworn declaration in the State Lawsuit, Plaintiff's lawsuit should be dismissed with prejudice for lack of standing and Plaintiff should be judicially estopped from arguing otherwise.

After the substitution of parties in the State Lawsuit, Momtazi filed a second lawsuit in this Court, which contains many identical allegations made by Maysara, including an allegation regarding the same cancelled contract. *See id.*, Ex. 1.

Plaintiff alleges in the Complaint that its injuries include the following:

a.       The alleged cancellation of an order of wine grapes grown on Plaintiff's property because "the customer believed" the smell of marijuana "had contaminated the wine grapes and would adversely influence the wine made from such grapes" and "buyers' concerns about marijuana contamination." Complaint ¶ 18;

b.       Alleged erosion from Mr. and Mrs. Wagner's property from a "terracing operation," which has "presented a hazard to the fish and wildlife that form an essential part of Plaintiff's biodynamic certification. *Id.* ¶ 19; and

c.       Alleged killing of a newborn calf and amputation of the lower portion of the mother cow's tail by Defendants. Plaintiff further alleges that it "maintains a small herd of cattle" on its property for its "biodynamic operation" and suffered injury to its business from the lost value of the dead calf and "diminution in market value of the mother cow." *Id.* ¶ 20.

## II.      ARGUMENT

### A. The Court Should Dismiss Plaintiff's Claims With Prejudice.

### 1.      Standard For Dismissal Under Rule 12(b)(1) For Lack Of Subject Matter Jurisdiction

Under Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss a case for lack of subject matter jurisdiction. Under Rule 12(h)(3), "[t]he court must dismiss the action" if it determines that the defendant has correctly identified a jurisdictional defect. A defendant's "jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The Ninth Circuit has explained, "[i]n a factual attack, the challenger

disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

Here, Defendants dispute the truth of Plaintiff's allegations that it has suffered a redressable injury in fact. To resolve a factual attack on jurisdiction, a "court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" and "need not presume the truthfulness of the plaintiff's allegations." *Id.* Once the defendant has presented evidence that calls into question the court's subject matter jurisdiction, the plaintiff bears the burden of affirmatively establishing subject matter jurisdiction through "affidavits or other evidence." *Id.* (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). The court should dismiss based on jurisdiction if the "claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682–83 (1946). The Complaint in this matter is wholly insubstantial and frivolous and Defendants' counsel are waiting for Plaintiff's counsel to decide whether to withdraw the Complaint or be subject to a motion under Fed. R. Civ. P. 11. Bizzano Decl. ¶ 10.

### 2.    Standard For Dismissal Under Rule 12(b)(6) For Failure To State A Claim

A complaint cannot survive a 12(b)(6) motion if it merely "tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (internal citations, brackets, and quotation marks omitted). Instead, a complaint must set forth facts supporting a *plausible*, not merely *possible*, claim for relief. *Id*. (emphasis added). In other words, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Eclectic Properties E., LLC v. Marcus & Millichap Co.* 751 F.3d 990, 996 (9th Cir. 2014) (internal citation and quotation marks omitted) (upholding dismissal of civil RICO action for failure to

state a claim).

In considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must accept all factual allegations made by the nonmoving party as true and construe them in the light most favorable to that party. *See Iolab Corp. v. Seaboard Sur. Co.*, 15 F.3d 1500, 1504 (9th Cir. 1994) *superseded by statute on other grounds as stated in Everett Assocs., Inc. v. Transcontinental Ins. Co.*, 57 F. Supp. 2d 874 (N.D. Cal. 1999). A court need not, however, accept as true any legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "While a complaint attacked under Rule 12(b)(6) . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal citations, brackets, and quotation marks omitted).

**B. Plaintiff Cannot Establish Constitutional Standing.**

Under Article III of the U.S. Constitution, a court cannot decide a legal dispute in the absence of "a case or controversy." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013). A plaintiff must show a "personal interest" in the case to establish a case or controversy and standing under Article III. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). Plaintiff must establish: (1) an injury in fact, *i.e.*, an invasion of a legally protected interest that is concrete and particularized and actual or imminent—not conjectural or hypothetical; (2) a causal connection between the injury in fact and the defendant's conduct so that the injury is "fairly traceable to the challenged action"; and (3) the likelihood that the injury

in fact will be redressed by a favorable ruling. *Id.* at 180–81, 189; *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

In invoking federal jurisdiction, the plaintiff "bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561. Moreover, the Ninth Circuit has explained that a "litigant must specifically set forth facts sufficient to satisfy these Art. III standing requirements. A federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Imagineering*, 976 F.2d at 1308.

Here, Plaintiff cannot show that it has a "personal interest" in the lawsuit because Plaintiff has already represented to another court under penalty of perjury that another entity is the real party in interest. Bizzano Decl., Ex. 2.

### C. Plaintiff Abjectly Fails To Establish "RICO Standing."

**1.    Plaintiff Cannot Establish Injury Because There Is No "Concrete Financial Loss."**

A plaintiff's injury "must be concrete in both a qualitative and temporal sense." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) ; *see also Spokeo, Inc. v. Robins*, S. Ct. 1540, 1548 (2016) ("[a] 'concrete' injury must . . . must actually exist."). The Supreme Court has held that the word "concrete" means "'real,' and not 'abstract.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Webster's Third New International Dictionary* 472 (1971) & *Random House Dictionary of the English Language* 305 (1967)).

None of Plaintiff's alleged injuries are sufficient to confer upon it statutory standing under RICO, a stringent standard that protects putative defendants from claims that do not allege cognizable financial harm to a plaintiff's business or property. For example, a RICO plaintiff must plead a concrete financial loss to a cognizable business or property interest. *Canyon Cty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972, 975 (9th Cir. 2008); *accord Holloway v. Clackamas*

*River Water*, No. 3:13-CV-01787-AC, 2016 WL 5429659, at *7 (D. Or. July 5, 2016), *report and recommendation adopted*, No. 3:13-CV-01787-AC, 2016 WL 5477548 (D. Or. Sept. 25, 2016).

The Ninth Circuit has held an actual financial injury is required and plaintiffs are "entitled to recover only for money they paid out as a result of racketeering activity[.]" *Imagineering*, 976 F.2d at 1310. In *Imagineering*, the Court held that plaintiffs could not recover under RICO because they failed to "establish 'proof of concrete loss,' let alone show that money was paid out as a result of Kiewit's alleged racketeering activity." *Id.* (finding no concrete financial injury under RICO for plaintiffs "not receiving subcontracts to which they were entitled.")

Here, *none of Plaintiff's alleged injuries* are concrete under the Ninth Circuit standard to recover under RICO. The alleged cancellation of an order of grapes and inability to market and sell grapes on its property are not concrete financial injuries under RICO in the Ninth Circuit. *See* Complaint ¶¶ 18, 43.

Similarly, the alleged lost value of a dead calf and diminution in market value of a mother cow are not concrete financial injuries because the Complaint alleges that Plaintiff maintains a small herd of cattle on its property as part of its biodynamic operation. *See id.* ¶¶ 20, 43. Any alleged hazard to fish and wildlife from erosion is also not concrete harm for RICO purposes. *Id.* ¶ 19.

Finally, Plaintiff's conclusory allegations of diminished fair market value and diminished rental value of real property are speculative and are not concrete financial losses for RICO purposes in the Ninth Circuit. *See id.* ¶¶ 21, 43. Plaintiff asserts no discrete facts and offers no documentation establishing any such diminished market value. Plaintiff has not alleged that it

has ever even attempted to lease or sell the property. Nor has Plaintiff ever alleged that it wished to lease the Property to a party other than Maysara, another entity owned and/or managed solely by Mr. Momtazi. *See Oscar v. Univ. Students Coop. Ass'n*, 965 F.2d 783 (9th Cir. 1992) (finding that plaintiff failed to allege a right to sublet her apartment or had attempted to do so and that, as a result, a diminished value claim under RICO was "purely speculative[.]"). *Id.*, 965 F.2d at 787 (9th Cir. 1992) (*en banc*) (allowing defendant to make a showing that alleged racketeering activity caused the value of her apartment to decline would "allow her to rely on precisely the sort of speculative future injury which RICO disdains"), *partially abrogated on other grounds by Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2015).

In *Eclectic Properties,* a case in which the plaintiffs offered far more specific allegations of diminution in value than offered by Plaintiff here, the Ninth Circuit Court nevertheless rejected the claims. 751 F.3d at 999.  The *Eclectic* plaintiffs alleged that defendants sold them property for significantly more than the property was worth—$30.3 million versus $11.1 million. *Id.* at 998.  The court noted that "the complaint alleges *no specific facts* supporting its conclusion that the properties' 'true fair market value[e]' was [only] $11.1 million." *Id.* at 999 (emphasis added).  The court "*decline[d] to accept the conclusory assertions of property values as facts*" because "[t]he complaint [did] not cite any documents or sources for this value, nor [did] it explain the methodology by which this value was derived."  *Id.* (emphasis added; internal citations omitted).

Here, Plaintiff fails to offer even an estimate of the fair market value of its real and personal property, let alone any sources or methodologies for determining the value(s), with which it can even begin to establish the sort of "concrete financial loss" required of a RICO

plaintiff in the Ninth Circuit. The Court should dismiss all Plaintiff's speculative claims based on alleged diminution in value for its real property and personal property.

> **2.     Plaintiff's Alleged Injuries Were Not Directly or Proximately Caused By Defendants' Alleged RICO Violations.**

Plaintiff fails to plausibly plead that any of its alleged injuries were proximately caused by Defendants' alleged RICO violations. Therefore, the Court must dismiss Plaintiff's RICO claims.

For alleged RICO violations to have been the "proximate cause" of a plaintiff's injuries, a "direct relationship" must exist between the alleged racketeering activity and the injury asserted. *See Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n*, 298 F.3d 768, 773 (9th Cir. 2002); *Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir. 1994) (citation omitted); *see also Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461, 126 S. Ct. 1991, 1998, 164 L. Ed. 2d 270 (2006) ("When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries.").

Plaintiff asserts § 1962(c) claims against all Defendants generally, alleging that Defendants formed an association-in-fact enterprise, referred to as the "Marijuana Operation," and conducted the enterprise through a pattern of racketeering activity. Complaint ¶¶ 26, 36, 39. Plaintiff fails to plausibly allege, however, that any of the alleged § 1962(c) violations *directly caused* Plaintiff's alleged injuries.

Even assuming Plaintiff had not filed the Complaint replete with knowingly false allegations of fact and alleged concrete financial loss, Plaintiff does not satisfy the direct and proximate cause requirements under RICO. Plaintiff must allege a "direct link between the racketeering activity and the injury to its business or property" to recover under RICO. *Oscar*, 965 F.2d at 799.

A buyer's alleged cancellation of an order for wine grapes because of the customer's unfounded subjective beliefs is not injury for which Defendants are responsible. Under RICO, "[A] plaintiff who complain[s] of harm flowing merely from the misfortunes visited upon a third person by the defendant's acts [is] generally said to stand at too remote a distance to recover." *Imagineering*, 976 F.2d at 1311 (internal citations omitted). *See also Holmes*, 112 S. Ct. at 319 (holding that plaintiffs could not recover under RICO when injuries resulted from broker-dealers being unable to pay bills, finding that the injury was too remote).

Similarly, with respect to the dead calf and alleged diminished market value of the mother cow, Plaintiff does not even allege that it suffered these injuries directly in the course of Defendants' alleged racketeering activities. Instead, Plaintiff alleges that Defendants *and/or their agents* trespassed onto Plaintiff's property, "in apparent retaliation for Plaintiff's opposition to the Marijuana Operation" and killed a calf and amputated the tail of a mother cow. Complaint ¶ 20. Even on its face, this inflammatory conclusory allegation, unsupported by any averred facts, fails to satisfy the requirement of direct and proximate cause. Plaintiff alleges that *third parties may have trespassed* onto its Property and killed the calf and injured the mother cow and that these acts were allegedly committed in retaliation for its opposition to Defendants' *future* plans to produce marijuana—not in the course of Defendants' alleged racketeering activities, exposing the entire case to dismissal with prejudice.[2] *See* Complaint ¶ 20.

---

[2] Any other number of explanations could easily account for the Plaintiff's alleged injuries. *See Eclectic Properties*, 751 F.3d at 996 ("When considering plausibility, courts must also consider an 'obvious alternative explanation' for defendant's behavior.") (quoting *Iqbal*, 556 U.S. at 683, 129 S. Ct. 1937). Unrelated individuals and/or animals, for example, could have traveled to Plaintiff's property, killed the calf, and amputated the tail of the mother cow. Mr. Momtazi has testified that he received threatening phone calls after giving interviews to the media about the State Lawsuit and that a cougar lives on the property. Bizzano Decl. ¶ 8, Ex. 5.

Plaintiff cannot tie any of Defendants' alleged violations to its alleged injuries, however, because the alleged RICO violations are not the cause—proximate or otherwise—of any of the alleged RICO injuries.

Plaintiff's inability to (i) plausibly allege concrete financial loss to its property for RICO purposes; (ii) and that its injuries were proximately caused by Defendants' alleged RICO violations, requires the Court to dismiss Plaintiff's RICO claims for lack of statutory standing. Plaintiff's Complaint fails to plausibly allege "standing"[3] to assert its civil RICO claims with respect to any of the Defendants. The Complaint fails to aver facts that satisfy the two RICO standing elements under 18 U.S.C. § 1962(c): (1) "concrete financial loss" to a cognizable property interest that was (2) proximately caused by the purported racketeering activity. *See Canyon Cty.*, 519 F.3d at 972-75 (9th Cir. 2008); *accord Holloway*, at *7 (D. Or. July 5, 2016).

### D.    Plaintiff Fails To Plausibly Allege Substantive RICO Claims Against Defendants.

Plaintiff fails to plausibly allege substantive RICO claims against Defendants. Its RICO allegations are conclusory and merely "recite the elements of a cause of action" and *contain no facts*. *Eclectic Properties*, 751 F.3d at 996 (internal citations omitted). Accordingly, Plaintiff's Complaint is *not* entitled to the presumption of truth. *Id.* The Ninth Circuit affirmed the dismissal of a complaint by the trial court in *In re Century Aluminum Co. Secs. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013), explaining:

---

[3] Defendants use the terms "standing" or "RICO standing" in accordance with Ninth Circuit and District of Oregon precedent. *See, e.g.*, *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1055 (9th Cir. 2008); *Holloway* 2016 WL 5429659, at *7. The U.S. Supreme Court has noted that "statutory standing" does not implicate subject-matter jurisdiction. *See Lexmark Intern., Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386-88, 1387 n.4, 188 L. Ed. 2d 392 (2014). The Ninth Circuit specifically noted that statutory standing should be resolved under Rule 12(b)(6). *Canyon Cty.*, 519 F.3d at 974 n.7.

"When faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible."

Here, Plaintiff fails to sufficiently allege *any facts* that tend to show that Defendants conduct or participate in the affairs of an association-in-fact enterprise.  *See* 18 U.S.C. § 1962(c); *U.S. v. Turkette*, 452 U.S. 576, 583, 101 S. Ct. 2524, 2528, 69 L. Ed. 2d 246 (1981). Plaintiff fails to sufficiently plead that the Marijuana Operation is an association-in-fact of which the Defendants are a part. In contrast, Defendants have provided extensive evidence in support of *the only plausible explanation* (i.e., that they have never produced, processed, or distributed marijuana on the property owned by Steven and Mary Wagner and that Plaintiff's lawsuit is frivolous and without merit). It is noteworthy that even the complaint in State Lawsuit, which has been amended three times, never alleges that Defendants are producing, processing, or distributing marijuana. Bizzano Decl., Ex. 1.

1.  **Plaintiff Does Not Plausibly Allege That The Defendants "Conduct" Or "Participate in the Conduct" Of The Alleged Marijuana Operation.**

Section 1962 prohibits "any person . . . associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity."  A violation of § 1962 thus requires "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Sedima, S.P.R.L.*, 473 U.S. at 496.

Plaintiff fails to plausibly allege that the Defendants "conduct or participate, . . .  in the conduct" of the affairs of a RICO enterprise, namely, the Marijuana Operation. 18 U.S.C. § 1962(c).  Purchasing and improving real property, without more, do not alone amount to

"directing the enterprise's affairs" or being "indispensable to achievement of the enterprise's goal." *Walter v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008).

The Complaint alleges a § 1962(c) violation against all Defendants for their alleged direction and/or participation in "the affairs of the Marijuana Operation." Complaint ¶ 40. First, *there is no Marijuana Operation*. Bizzano Decl., Exs. 4, 6; *see also* Wagner Decl. Second, the sum total of the Defendants' interactions with the so-called enterprise consists of purchasing and improving the real property owned by Steven and Mary Wagner and "purchasing and installing structures, equipment, fixtures, and materials." Complaint ¶¶ 27-30. Almost all of these allegations are demonstrably and knowingly false, as Defendants have never produced, processed, or distributed marijuana; they don't even have any greenhouses on the property in which to grow marijuana. *See* Bizzano Decl. ¶¶ 7, 9, Exs. 4, 6; *see also* Wagner Decl. Plaintiff and its counsel are aware that the factual allegations are untrue. For the avoidance of doubt, Mr. Momtazi (i.e., the sole member and/or manager of Plaintiff) and counsel inspected the Wagners' property on May 13, 2019 and witnessed first-hand the absence of any marijuana-related operations of any kind. Bizzano Decl. ¶ 6.

However, even if the Court assumes the facts as alleged are true, the alleged transactions fall quite short of the minimum level of participation required to make a RICO defendant liable.

A RICO defendant must assume at least "some part in directing the enterprise's affairs." *Reves*, 507 U.S. 170 at 179, 113 S. Ct. at 1172 (1993). *See also Baumer v. Pachl*, 8 F.3d 1341, 1344 (9th Cir. 1993) (defendant had no formal position in the enterprise nor played any part in directing its affairs); *Cooper Indus., Inc., Cooper Tools Div. v. Lagrand Tire Chains*, 205 F. Supp 2d 1157, 1166 (D. Or. 2002) (president of an alleged RICO enterprise did not conduct or participate in its affairs although she was remunerated for "helping out with the business").

Steven and Mary Wagner purchased and own the real property at issue. Complaint ¶ 5. Yamhill Naturals is a single member limited liability company owned and controlled solely by Richard Wagner. Complaint ¶ 7. Plaintiff wrongly assumes that a business relationship exists among the Defendants. Wagner Decl.; Bizzano Decl., Ex. 6. Other than the false allegations regarding the Wagners' improvements to their property such as those regarding the conversion of the barn and installation of greenhouses, *Plaintiff fails to allege even a single specific instance of unlawful conduct*. Plaintiff's allegations that Defendants conduct or participate in the Marijuana Operation are conclusory and don't meet the pleading requirements generally or in RICO actions. Accordingly, Plaintiff is not entitled to the presumption of truth. *See Eclectic Properties*, 751 F.3d at 995-96.

### 2. Plaintiff Fails To Plausibly Allege That The Marijuana Operation Is An "Association-in-Fact Enterprise."

An association-in-fact enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct." *Turkette*, 452 U.S. at 583, 101 S. Ct. 2524; *Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007) (en banc) (citing *Turkette*, 452 U.S. at 583, 101 S. Ct. 2524). To establish the existence of such an enterprise, a plaintiff must show: "(1) a common purpose; (2) an ongoing organization; and (3) a continuing unit." *United States v. Christensen*, 828 F.3d 763, 780 (9th Cir. 2015), *cert. denied*, 137 S. Ct. 628, 196 L. Ed. 2d 517 (2017), *and cert. denied sub nom. Kachikan v. United States*, 137 S. Ct. 2109, 197 L. Ed. 907 (2017) (citing *Turkette*, 452 U.S. at 583, 101 S. Ct. 2524); *Rubicon Global Ventures, Inc. v. Chongqing Zongshen Group Import/Export Corp.*, 226 F. Supp. 3d 1141, 1159 (2016) (citation omitted). Plaintiff's allegations that the Marijuana Operation is an-association-in-fact enterprise are conclusory and don't meet the pleading requirements generally or in RICO actions.

Accordingly, Plaintiff is not entitled to the presumption of truth. *See Eclectic Properties*, 751 F.3d at 995-96.

### a.   Lack Of Common Purpose

Plaintiff does not plausibly allege that the Defendants have a "common purpose" for RICO purposes.  A claim satisfies this element when it alleges that the defendants have "associated for 'a common purpose of engaging in a course of conduct.'" *Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007) (internal citations omitted).  Again, Plaintiff's allegations that the Defendants have a "common purpose" are conclusory and don't meet the pleading requirements generally or in RICO actions. Accordingly, Plaintiff is not entitled to the presumption of truth. *See Eclectic Properties*, 751 F.3d at 995-96.

### b.   No Ongoing Organization

Plaintiff similarly fails to adequately plead that the Marijuana Operation constitutes an "ongoing organization."  To find the existence of a RICO "organization" among distinct corporations and individuals, a court will look for "objective interconnections," including "overlap in personnel and organizational structure among the businesses" and "shared financial connections."  *U.S. v. Feldman*, 853 F.2d 648, 657-59 (9th Cir. 1988) (internal citations omitted). Once again, Plaintiff merely recites the elements and its allegations are conclusory and don't meet the pleading requirements. Plaintiff is not entitled to the presumption of truth. *See Eclectic Properties*, 751 F.3d at 995-96.

### c.   No Continuing Unit

The Complaint does not contain allegations sufficient to demonstrate that Marijuana Operation functions as "a continuing unit." *Turkette*, 452 U.S. at 583, 101 S. Ct. 2524.  "[T]he continuity requirement focuses on whether the association's behavior was 'ongoing' rather than

isolated activity." *Odom*, 486 F.3d at 553.  A plaintiff may show continuity over a finite period

by "proving a series of related predicates extending over a substantial period of time," or, if the

predicates occur close together in time, that "the racketeering acts themselves include a specific

threat of repetition extending indefinitely into the future," or by establishing that "the predicates

can be attributed to a defendant operating as part of a long-term association that exists for

criminal purposes." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 242-43, 109 S. Ct. 2893, 2902,

106 L. Ed. 2d 195 (1989). Plaintiff merely recites the elements with no facts and its allegations

should not be presumed to be true. *See Eclectic Properties*, 751 F.3d at 995-96.

      **E.**      **Plaintiff's Pleading Failures Preclude Its RICO Conspiracy Allegations.**

      Plaintiff's Complaint alleges that all Defendants violated § 1962(d) "by conspiring to

violate 18 U.S.C. § 1962(c), and each Defendant also violated 18 U.S.C. § 1962(c) by

conducting and/or participating in the Marijuana Operation's affairs through a pattern of

racketeering." Complaint ¶ 41.

      As detailed above, Plaintiff fails to plausibly allege the requisite "conduct" or

"participation in the conduct" of an enterprise or the existence of an "association-in-fact

enterprise" to confer RICO liability on the Defendants.  As a result, the Court should not

consider the § 1962(d) conspiracy claim.  *See, e.g.*, *Eclectic Properties*, 751 F.3d at 1000

(internal citations omitted) ("Because we affirm the dismissal of Plaintiffs' RICO allegations, we

also affirm the dismissal of Plaintiffs' allegations of RICO conspiracy."); *Religious Tech. Ct. v.

Wollersheim*, 971 F.2d 364, 367 n.8 (9th Cir. 1992) ("Because we find that RTC has failed to

allege the requisite substantive elements of RICO, the conspiracy cause of action cannot stand.").

///

///

### III.    CONCLUSION

For the foregoing reasons, Defendants respectfully move this Court for an order

dismissing Plaintiff's lawsuit with prejudice.

Dated:  June 3, 2019.               RESPECTFULLY SUBMITTED,


/s/ Allison C. Bizzano
Allison C. Bizzano, OSB 052014
Matthew Goldberg, OSB 052655
Lotus Law Group, LLC
5200 SW Macadam Avenue, Suite 500
Portland, OR 97239
Phone: (503) 606-8930
Fax: (503) 606-8539
allison@lotuslawgroup.com
matt@lotuslawgroup.com

Of Attorneys for Defendants Mary E. Wagner, Richard
Wagner, Steven R. Wagner, and Yamhill Naturals, LLC

## CERTIFICATE OF SERVICE

I certify that on the date set forth below I caused to be served a true and correct copy of

DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE on the following parties via

electronic means through the Court's Case Management/Electronic Case File system on the date

set forth below:

- Rachel Kosmal McCart
  Email: rachel@preservelegalsolutions.com
  Preserve Legal Solutions, PC
  23582 S Day Hill Rd
  Estacada, OR 97023
  *Attorney for Plaintiff*

DATED:  June 3, 2019                    /s/ Allison C. Bizzano
                                        Allison C. Bizzano, OSB 052014
                                        Matthew Goldberg, OSB 052655
                                        Lotus Law Group, LLC
                                        5200 SW Macadam Avenue, Suite 500
                                        Portland, OR 97239
                                        Phone: (503) 606-8930
                                        Fax: (503) 606-8539
                                        allison@lotuslawgroup.com
                                        matt@lotuslawgroup.com
                                        Attorneys for Defendants