Rachel Kosmal McCart, OSB #091303
Email: rachel@preservelegalsolutions.com
Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| MOMTAZI FAMILY, LLC, | ) | |
| | ) | No. 3:19-cv-00476-BR |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **PLAINTIFF'S RESPONSE IN** |
| | ) | **OPPOSITION TO DEFENDANTS'** |
| MARY E. WAGNER, et al, | ) | **MOTION FOR SANCTIONS** |
| | ) | |
| Defendants | ) | **Oral Argument Requested** |
| | ) | |
| | ) | |

# TABLE OF CONTENTS

LR 7-2(b) Certification of Compliance ...........................................................1

I. INTRODUCTION ..........................................................................................1

II. LEGAL STANDARD ...................................................................................2

    A. Applicable Rule 11 Requirements ........................................................2

III. ARGUMENT ...............................................................................................5

    A. Complaint is Well-founded in Law ......................................................5

    B. Plaintiff and Its Counsel Had Ample Evidentiary Support for Factual Allegations .................................................................................................5

    C. Plaintiff's Counsel Performed a Reasonable Inquiry under the Circumstances .............................................................................................9

        1. The Circumstances ...........................................................................9

        2. Scope of Inquiry.............................................................................10

    D. Plaintiff Should Be Awarded Its Reasonable Attorneys' Fees .......12

IV. CONCLUSION...........................................................................................13

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email: rachel@preservelegalsolutions.com

# TABLE OF AUTHORITIES

## Cases

*Christian v. Mattel, Inc.*, 286 F.3d 1118 (9th Cir. 2002) ........................................................3, 12

*Conn v. Bojorquez*, 967 F.2d 1418 (9th Cir. 1992) ................................................................5

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990). .......................................................4

*Cunningham v. County of Los Angeles*, 879 F.2d 481 (9th Cir.1988) ..................................4

*Gardner v. Hoffman Const. Co. of Oregon*, 963 F.2d 379 (9th Cir. 1992) ...........................4

*Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531 (9th Cir. 1986) ...............3

*Greenberg v. Sala*, 822 F.2d 882 (9th Cir. 1987).................................................................4, 5

*Holgate v. Baldwin*, 425 F.3d 671 (9th Cir. 2005) ................................................................3

*Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co., Sec. Litig.)*, 78 F.3d 431 (9th Cir. 1996).....................................................................................................................................3

*Morasch Meats, Inc. v. Frevol HPP, LLC* (D. Or. 2018), No. 3:16-cv-0269-PK .................3

*Townsend v. Holman Consulting Corp.*, 929 F.2d 1358 (9th Cir. 1991) ..............................3


## Statutes and Rules

Fed. R. Civ. P. 11 ...............................................................................................................2, 10, 12

Fed. R. Civ. P. 11(b).................................................................................................................2

Fed. R. Civ. P. 12(b)(1) ............................................................................................................2

Fed. R. Civ. P. 12(b)(6) ............................................................................................................2

18 U.S.C. § 1961 ......................................................................................................................1

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email: rachel@preservelegalsolutions.com

21 U.S.C. § 841(a)(1) ..................................................................................................... 7

21 U.S.C. § 843(a)(6) ..................................................................................................... 7

21 U.S.C. § 856(a) ......................................................................................................... 7

Page ii – TABLE OF AUTHORITIES

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email:  rachel@preservelegalsolutions.com

## LR 7-2(b) Certification of Compliance

This document complies with the word count limitation of LR 7-2(b)(1) because it contains 3,411 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

## RESPONSE

Plaintiff respectfully submits this response in opposition to Defendants' Motion for Sanctions and Memorandum in Support [ECF #23] ("Motion"), filed on August 26, 2019.

## I. INTRODUCTION

Plaintiff is an Oregon wine country property owner who has been damaged by Defendants' criminal enterprise producing and processing marijuana on a neighboring property ("Wagner Property"). Plaintiff filed this action on April 2, 2019, seeking damages pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.* *See* Complaint [ECF #1] ("Complaint"). As a result of Defendants' marijuana operation ("Marijuana Operation"), Plaintiff has suffered the following damages to the Momtazi Property and its business: (1) Cancellation of an order for wine grapes grown on the Momtazi Property due to concerns about marijuana contamination; (2) inability to market and sell grapes grown on the portion of the Momtazi Property nearest to the Wagner Property because of buyers' concerns about marijuana contamination; (3) soil runoff from the Wagner Property into a fish-stocked reservoir on the Momtazi Property that is an essential part of Plaintiff's certified biodynamic

Page 1 – PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION FOR SANCTIONS

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email:  rachel@preservelegalsolutions.com

business operation; (4) loss of a calf and diminution in value of a cow, Plaintiff's business assets,

caused by Defendants' deliberate acts; and (5) diminution in market value of the Momtazi

Property, resulting in reduced rental income from the Momtazi Property.  Complaint, p. 6-8.

On June 3, 2019, Defendants filed a motion to dismiss ("MTD") the Complaint with

prejudice [ECF #9] for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and

for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

On August 28, 2019, the Court issued an opinion and order ("Order") [ECF #26] denying the

MTD in its entirety.

In the Motion, Defendants repeat many of the factual contentions included in the

unsuccessful MTD, and now use them as a basis to "move for sanctions against Plaintiff and

Plaintiff's counsel pursuant to Fed. R. Civ. P. 11 for failing to conduct *any* reasonable and

competent inquiry prior to filing its Complaint" and "falsely alleging racketeering activity under

RICO solely for improper purposes in order to harass, cause unnecessary delay, and needlessly

increase the cost of litigation."  Motion, p. 2, 6.

## II.  LEGAL STANDARD

### A.  Applicable Rule 11 Requirements

By presenting to the court a pleading…an attorney…certifies that to the best of the
person's knowledge, information, and belief, formed after an inquiry reasonable under the
circumstances: (1) it is not being presented for any improper purpose, such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation; [and]…the factual
contentions have evidentiary support or, if specifically so identified, will likely have
evidentiary support after a reasonable opportunity for further investigation or discovery.
Fed. R. Civ. P. 11(b)

Page 2 – PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION FOR SANCTIONS

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email:  rachel@preservelegalsolutions.com

"When, as here, a 'complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it.'" *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005), *citing Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). "As shorthand for this test, we use the word 'frivolous' 'to denote a filing that is *both* baseless and made without a reasonable and competent inquiry.'" *Id.*, *citing Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co., Sec. Litig.)*, 78 F.3d 431, 434 (9th Cir. 1996). "The reasonable inquiry test is meant to assist courts in discovering whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded." *Id.* at p. 677, *citing Christian* at p. 1127. A "frivolous filing" is "a pleading or other paper which no competent attorney could believe was well grounded in fact and warranted by law." *Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir. 1987), *citing Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1537-1538 (9th Cir. 1986).

"If, judged by an objective standard, a reasonable basis for the position exists in both law and fact at the time the position is adopted, then sanctions should not be imposed." *Morasch Meats, Inc. v. Frevol HPP, LLC* (D. Or. 2018), No. 3:16-cv-0269-PK, ECF #267, p. 2, *citing Golden Eagle Distrib. Corp.* at 1538. "With regard to complaints which initiate actions, we have held that such complaints are not filed for an improper purpose if they are non-frivolous...subjective evidence of the signer's purpose is to be disregarded." *Townsend v.*

Page 3 – PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION FOR SANCTIONS

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email: rachel@preservelegalsolutions.com

*Holman Consulting Corp.*, 929 F.2d 1358 (9th Cir. 1991), *citing Zaldivar v. City of Los Angeles*, 780 F.2d 823, 829, 832 (9th Cir. 1986).

"Under Rule 11, a litigant's investigation is to be judged at the time the pleading is signed." *Gardner v. Hoffman Const. Co. of Oregon*, 963 F.2d 379 (9th Cir. 1992), *citing Cunningham v. County of Los Angeles*, 879 F.2d 481, 490 (9th Cir.1988).    "If the relevant facts are in control of the opposing party, more leeway must be given to make allegations in the early stages of litigation that may not be well-grounded. In a similar vein, leeway should be given to make allegations relating to an opposing party's knowledge, purpose, or intent." *Townsend* at 1364.

"[W]e resist an interpretation of Rule 11 that would blur the roles of attorneys and finders of fact. We hold that a complaint based on reasonable inquiry should not be found to be factually frivolous unless some clear authority or a litigant's own clear admission erases the factual underpinning from some essential element of the litigant's pleading." *Greenberg* at 887. "We have imposed Rule 11 sanctions where some error or admission by a litigant undermined his entire case at a stroke…In less startling cases, we are reluctant to impose sanctions for factual errors, especially errors in papers filed before an opportunity for discovery, if the litigant has conducted a reasonable inquiry into the facts." *Id.* (internal citations omitted).

"The Supreme Court has cautioned that Rule 11 should not be used to 'chill vigorous advocacy.'" *Greenberg* at p. 5, *citing Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).    "And the Ninth Circuit has emphasized that 'Rule 11 is an extraordinary remedy, one to

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email:  rachel@preservelegalsolutions.com

be exercised with extreme caution.'" *Id.*, *citing Conn v. Bojorquez*, 967 F.2d 1418, 1421 (9th Cir. 1992).

### III. ARGUMENT

#### A. Complaint is Well-founded in Law

As demonstrated by the Court's denial of the MTD in its entirety, the Complaint is well founded in law. Therefore, Plaintiff will proceed to analyze the factual foundation for the Complaint allegations and the sufficiency of Plaintiff's counsel's pre-filing inquiry.

#### B. Plaintiff and Its Counsel Had Ample Evidentiary Support for Factual Allegations

Defendants are not entitled to use the Motion as a back door discovery tool to force Plaintiff and its counsel to reveal all of their evidence, which would be quite premature at this stage in the case. Furthermore, Defendants are not entitled to use the Motion as a bludgeon to invade attorney-client privilege or force Plaintiff's counsel to produce protected attorney work product. Accordingly, Plaintiff describes herein only the evidence publicly available at the time the Complaint was filed, which is more than sufficient to establish that Plaintiff and its counsel had a reasonable basis for the factual allegations in the Complaint.

Defendants contend the Complaint falsely alleges Defendants were producing and processing marijuana on the Wagner Property commercially because the OLCC had not yet issued a license to Defendant Richard Wagner and "Yamhill Naturals does not hold a commercial marijuana producer license – or any license issued by OLCC and has never even applied for a license to process marijuana." Motion, p. 4 (emphasis omitted). Defendants'

Page 5 – PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION FOR SANCTIONS

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email: rachel@preservelegalsolutions.com

vehement denials of producing and processing marijuana are not too surprising, given that such activities are federal felony crimes. In addition, producing and processing marijuana commercially without an OLCC license are serious violations of Oregon law, would likely prevent Defendants from ever obtaining an OLCC license, and might even prevent Defendants from participating in any state-regulated marijuana market. Notably, Defendants admit Defendant Richard Wagner was producing marijuana on the Wagner Property, they just deny the operation was commercial in nature. *See* Motion, p. 5.

Defendants' own statements published in *The New York Times* strongly suggest Defendant Richard Wagner has spent his entire adult life as an illegal marijuana producer and processor, and that his parents, Defendants Mary and Steven Wagner, have supported him in that endeavor.

> For roughly two years [Defendant Richard Wagner] and his parents, Mary and Steven, sought land so he could start growing and processing marijuana. As a younger man, Richard dabbled with growing pot in the Oregon forest, he said. He studied horticulture and landscaping in junior college. And he liked to make hashish. "I'm a good grower," Mr. Wagner said. "But I'm a great processor." Declaration of Rachel E. Kosmal McCart, Esq. in Support of Plaintiff's Response in Opposition to Defendants' Rule 11 Motion ("McCart Rule 11 Declaration"), Exhibit 1, p. 3.

Prior to becoming engaged in litigation, Defendants brazenly and regularly publicized their marijuana activities on the Wagner Property. Defendant Yamhill Naturals' social media account features dozens of photographs of marijuana-related construction, growing and harvested marijuana plants and marijuana concentrates, all on the Wagner Property. *See* Declaration of Rachel E. Kosmal McCart, Esq. in Support of Plaintiff's Response in Opposition

Page 6 – PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION FOR SANCTIONS

to Defendants' Motion to Dismiss ("McCart MTD Declaration"), Exhibits 2-33.  On September

26, 2017, *The New York Times* published a color photograph of Defendant Richard Wagner on

the Wagner Property, standing in a greenhouse frame surrounded by marijuana plants.  McCart

MTD Declaration, Exhibit 1.

Defendants allege they have used the Wagner Property only for Defendant Richard

Wagner to "grow a limited number of plants solely as a medical patient registered under Oregon

law." Motion, p. 5 (emphasis omitted).  Defendants further allege, "There are no commercial

greenhouses on the Wagner Property and there never have been." *Id.* at p. 4.  However,

Defendants' own photos speak for themselves about the size and scope of Defendants' marijuana

operation as well as the existence of greenhouses on the Wagner Property. *See* McCart MTD

Declaration, Exhibits 2-33.  Furthermore, whether the Marijuana Operation is allegedly medical

versus commercial is irrelevant for the purposes of Plaintiff's RICO claim.  Under federal law,

marijuana is a Class I controlled substance, and producing it is a violation of 21 U.S.C. §

841(a)(1).  Similarly, developing the Wagner Property for the production of marijuana is a

violation of 21 U.S.C. § 843(a)(6).  And knowingly using and maintaining the Wagner Property

for the production of marijuana is a violation of 21 U.S.C. § 856(a).

Defendants allege Plaintiff's principal "personally inspected the real property owned by

Steven and Mary Wagner (including the [Building]) as recently as May 13, 2019 during an in-

person property inspection" in *Mahesh v. Wagner*, Oregon District Court for the County of

Yamhill, case no. 17CV15941 ("Mahesh Case").  Motion, p. 7.  However, the alleged inspection

Page 7 – PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION FOR SANCTIONS

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email:  rachel@preservelegalsolutions.com

took place about six weeks *after* Plaintiff filed the Complaint, and Rule 11 violations are determined based on what evidence was reasonably available on the filing date.  And as of the filing date, the RICO violations detailed in the Complaint had already taken place and Plaintiff had already suffered damages as a result.

Even if Plaintiff's representative had visited the Wagner Property prior to filing the Complaint, what such representative did or did not observe at that particular day and time was just one data point among many.  Given that any Court-ordered inspection would necessarily take place with ample prior notice, it is not a stretch to believe Defendant Richard Wagner, a career illegal marijuana producer and processor currently engaged in active litigation, could and would temporarily dismantle and remove Defendants' marijuana production and processing operation from the Wagner Property prior to the inspection, then restore it afterwards.

In urging the Court to sanction Plaintiff and its counsel pursuant to Rule 11, Defendants state they "provided…documentary evidence" to Plaintiff's counsel of what Defendants believed to be erroneous factual allegations in the Complaint and "demanded that [Plaintiff] dismiss the Complaint before Defendants incurred additional expenses preparing the instant Motion." Motion, p. 3.  However, Defendants admit they provided this alleged evidence to Plaintiff on April 19, 2019, more than two weeks *after* Plaintiff had already filed the Complaint, and Rule 11 violations are determined based on what evidence was reasonably available on the filing date. *Id.* Moreover, such evidence as self-serving declarations from Defendants consisting of denials they are engaged in commercial marijuana production (though they admit to producing

Page 8 – PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION FOR SANCTIONS

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email:  rachel@preservelegalsolutions.com

marijuana on the Wagner Property), a black and white undated screenshot of an aerial 2018
Google Earth photograph of the Wagner Property and carefully selected excerpts from deposition
transcripts in the Mahesh Case are far from "overwhelming evidence of the abject falsity of the
Complaint allegations." Motion, p. 7.   Plaintiff and its counsel were entitled to rely on the
totality of the evidence available to them at the time the Complaint was filed, and such evidence
supports the factual allegations in the Complaint.

### C.  Plaintiff's Counsel Performed a Reasonable Inquiry under the Circumstances

#### 1.  The Circumstances

This case is at a very early stage.  Defendants have not yet filed an answer to the
Complaint, and the parties have not conducted any discovery.  Beyond the damages suffered by
Plaintiff, what is in the public domain and what Plaintiff has been able to observe, most of the
key evidence is solely within Defendants' control.

Defendants repeatedly assert the Mahesh Case plaintiffs have conducted extensive
discovery regarding the Marijuana Operation on the Wagner Property.  However, Plaintiff is not
a party to the Mahesh Case, and Plaintiff's counsel does not represent any party in the Mahesh
Case.  No one except the parties to the Mahesh Case and their counsel have access to any of the
discovery produced in that case because there are two broad protective orders ("Protective
Orders") in place.  *See* McCart Rule 11 Declaration, Exhibits 2 and 3.  Defendants and their
counsel have apparently violated one or both Protective Orders by providing selected discovery
materials from the Mahesh Case to this Court and to Plaintiff's counsel.  However, Defendants'

Page 9 – PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION FOR SANCTIONS

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email:  rachel@preservelegalsolutions.com

violations do not change the fact that the Mahesh Case plaintiffs and their counsel are bound by

the Protective Orders.  Accordingly, even though Plaintiff's principal, Mahmood Momtazi, is

also a principal of one of the Mahesh Case plaintiffs, Mr. Momtazi cannot provide Plaintiff or

Plaintiff's counsel with Mahesh Case discovery materials without potentially violating the

Protective Orders.

## 2.  Scope of Inquiry

It is difficult to describe in detail the scope of the pre-filing inquiry conducted by

Plaintiff's counsel without destroying attorney client privilege, revealing attorney work product

and/or putting Plaintiff's counsel in the position of being a percipient witness.  "The rule does

not require a party or an attorney to disclose privileged communications or work product in order

to show that the signing of the pleading, motion, or other paper is substantially justified."  Notes

of Advisory Committee on Rules—1983 Amendment to Fed. R. Civ. P. 11.  Accordingly, this

discussion of Plaintiff's counsel's pre-filing inquiry will be limited to its general nature and

scope.  Prior to initiating this case, Plaintiff's counsel met with Plaintiff's representative on the

Momtazi Property and discussed the facts at length with such representative.  McCart Rule 11

Declaration, p. 2.  At that time, Plaintiff's counsel viewed a large volume of evidentiary

materials provided by Plaintiff's representative.  *Id.*  Plaintiff's counsel also toured the Momtazi

Property with Plaintiff's representative, and the tour included the portion of the Momtazi

Property that borders the Wagner Property and the reservoir referenced in the Complaint.  *Id.*

Plaintiff's counsel and Plaintiff's representative also viewed the Wagner Property from another

Page 10 – PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION FOR SANCTIONS

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email:  rachel@preservelegalsolutions.com

property that borders the Wagner Property. *Id.* at p. 2-3. Plaintiff's counsel also conferred with several potential clients about their observations of the activities on the Wagner Property. *Id.* at p. 3. Plaintiff's counsel consulted with an independent expert regarding the activities on the Wagner Property. *Id.* Plaintiff's counsel also reviewed all the pleadings in the Mahesh Case (which are public record and not subject to the Protective Orders) and conducted online factual research, including viewing Defendants' social media accounts. *Id.* In total, Plaintiff's counsel estimates she spent at least 25 hours conducting a factual inquiry prior to filing the Complaint. *Id.* Accordingly, Plaintiff's counsel's pre-filing inquiry was reasonable under the circumstances.

Prior to filing the Complaint, Plaintiff's counsel was aware Defendants did not have an OLCC license and that Defendants had recently claimed not to be producing marijuana commercially. McCart Rule 11 Declaration, p. 3. As previously noted, Defendants are still not denying they have produced marijuana on the Wagner Property, they simply deny that such production was "commercial." *See* Motion, p. 4, 5. Similarly, Defendants are not denying they erected greenhouses on the Wagner Property, they simply denied the greenhouses were "commercial." *See id.* at p. 4. Simply put, Plaintiff and Defendants (and their counsel) vehemently disagree on what some of the facts are and on the meaning of some facts they do agree upon. But vehement disagreement is not evidence of failure to perform a reasonable pre-filing inquiry into the facts. When the Court has determined plaintiff's counsel failed to conduct a reasonable pre-filing inquiry prior to filing a complaint and imposes Rule 11 sanctions, there is

Page 11 – PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION FOR SANCTIONS

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email: rachel@preservelegalsolutions.com

typically at least one "smoking gun" material fact, the meaning of which is unambiguous, that

counsel would have discovered had counsel performed any pre-filing inquiry at all, and that

material fact, once brought to light, results in dismissal of the case. *See, e.g., Christian v. Mattel,*

*Inc.*, 286 F.3d 1118 (9th Cir. 2002) (where allegedly infringing dolls bore dated copyright stamps

on their heads, counsel could have easily determined such dolls did not infringe his client's later-

dated copyright).

### D.  Plaintiff Should Be Awarded Its Reasonable Attorneys' Fees

Pursuant to Fed. R. Civ. P. 11(c)(2), "If warranted, the court may award to the prevailing

party the reasonable expenses, including attorney's fees, incurred for the motion."  Plaintiff

respectfully requests that the Court award Plaintiff its reasonable attorneys' fees incurred in

opposing the Motion.

> Rule 11 motions should not be made or threatened for minor, inconsequential violations
> of the standards prescribed by subdivision (b). They should not be employed as a
> discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings;
> other motions are available for those purposes. Nor should Rule 11 motions be prepared
> to emphasize the merits of a party's position, to exact an unjust settlement, to intimidate
> an adversary into withdrawing contentions that are fairly debatable, to increase the costs
> of litigation, to create a conflict of interest between attorney and client, or to seek
> disclosure of matters otherwise protected by the attorney-client privilege or the work-
> product doctrine.  Notes of Advisory Committee on Rules—1993 Amendment to Fed. R.
> Civ. P. 11.

Defendants threatened and then filed the Motion precisely for the above-described

improper purposes.  Nearly a year before the initiation of this action, Defendants' counsel, upon

learning during the course of settlement negotiations in the Mahesh Case that Plaintiff was

considering filing this action, delivered to Plaintiff's counsel "a stern warning...that

Page 12 – PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION FOR SANCTIONS

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email:  rachel@preservelegalsolutions.com

[Defendants] will not hesitate to seek sanctions under Rule 11 against any attorney who signs such a complaint" and also threatened Plaintiff's counsel with a bar complaint. *See* Declaration of Allison C. Bizzano in Support of Defendants' Motion for Sanctions [ECF #24], Exhibit 1, p. 158-159.   After Plaintiff's counsel failed to be intimidated by such threats and filed the Complaint, Defendants once again threatened sanctions by serving Plaintiff with the Motion and demanded that Plaintiff withdraw the Complaint.   When Plaintiff declined to do so, Defendants then filed the Motion.

The Motion repeats many of the same arguments raised in Defendants' unsuccessful MTD, and is essentially a very premature motion for summary judgment urging this Court to adopt Defendants' view of the factual allegations underpinning Plaintiff's claim and deny Plaintiff any opportunity for discovery. As such, the Motion is a gross misuse of Rule 11. Plaintiff respectfully submits that awarding Plaintiff its attorneys' fees would serve the valuable purpose of deterring further abuse of Rule 11 motions and encouraging Defendants and others to treat Rule 11 motions with appropriate gravity.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Motion and award Plaintiff its reasonable attorneys' fees incurred as a result of the Motion pursuant to Fed. R. Civ. P. 11(c)(2).

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email:  rachel@preservelegalsolutions.com

DATED September 9, 2019

/s/ Rachel E. Kosmal McCart
Rachel E. Kosmal McCart, Esq., OSB 091303
Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Attorney for Plaintiff

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email:  rachel@preservelegalsolutions.com