Rachel Kosmal McCart, OSB #091303
Email: rachel@preservelegalsolutions.com
Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MOMTAZI FAMILY, LLC, | ) |
| | ) Case No. 3:19-cv-00476-BR |
| Plaintiff | ) |
| | ) |
| v. | ) **SECOND AMENDED** |
| | ) **COMPLAINT** |
| MARY E. WAGNER, RICHARD | ) |
| WAGNER, STEVEN R. WAGNER, | ) For Violation of |
| YAMHILL NATURALS, LLC and | ) 18 U.S.C. § 1962 |
| SOARING HILL, LLC, | ) |
| | ) |
| Defendants | ) |
| | ) |

COMES NOW, Plaintiff Momtazi Family LLC and hereby alleges as follows.

## **INTRODUCTION**

1.

Plaintiff is an Oregon wine country property owner who has been damaged by a criminal enterprise (the "Marijuana Operation") producing and processing marijuana on a neighboring property. Plaintiff seeks redress under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), which requires those who engage in racketeering activity, including the production

and sale of marijuana as a controlled substance, to pay treble damages, reasonable attorneys' fees and costs to those whom they injure.

## JURISDICTION AND VENUE

2.

Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over claims brought under 18 U.S.C. § 1964(c).

3.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this action took place in, and continue to take place in, Yamhill County, Oregon.

## PARTIES

4.

Plaintiff is an Oregon limited liability company that owns real property located at 15765 SW Muddy Valley Road in McMinnville, Oregon (the "Momtazi Property"). Until on or about August 1, 2018, Plaintiff operated Momtazi Vineyard, a Demeter Certified Biodynamic vineyard, on the approximately 532-acre Momtazi Property. On the Momtazi Property, which is located in the McMinnville American Viticultural Area ("McMinnville AVA"), Plaintiff grew the grapes used by Maysara Winery, LLC ("Maysara Winery") to create its prize-winning pinot noirs and other high-quality wines. On or about August 1, 2018, Plaintiff began leasing the Momtazi Property to Maysara Winery, which now operates Momtazi Vineyard. Maysara Winery's principal place of business is located on the Momtazi Property. During the period from 2016 – 2018, Plaintiff sold wine grapes grown on the Momtazi Property to other wine producers.

Page 2 – SECOND AMENDED COMPLAINT

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email: rachel@preservelegalsolutions.com

5.

Defendants Mary Wagner and Steven Wagner are each natural persons resident in Oregon. Defendants Mary Wagner and Steven Wagner own the real property located at 15500 SW Dusty Drive in McMinnville, Oregon (the "Wagner Property").  The Wagner Property is adjacent to the Momtazi Property.  As further described herein, Defendants Mary Wagner and Steven Wagner purchased the Wagner Property for the purpose of producing and processing marijuana, knowingly allow the Wagner Property to be used for such purposes, and knowingly receive proceeds from producing and processing marijuana on the Wagner Property.

6.

Defendant Richard Wagner is a natural person resident in Oregon.  As further described herein, Defendant Richard Wagner resides on the Wagner Property and produces and processes marijuana on the Wagner Property for the Marijuana Operation.

7.

Defendant Yamhill Naturals LLC ("Defendant Yamhill Naturals") is an Oregon limited liability company with its principal place of business at the Wagner Property. Defendant Richard Wagner directs the operations of Defendant Yamhill Naturals.  As further described herein, Defendant Yamhill Naturals produces and processes marijuana on the Wagner Property and knowingly receives proceeds from marijuana produced and processed on the Wagner Property. The Marijuana Operation also markets its marijuana under the brand name "Yamhill Naturals," which is owned by Defendant Yamhill Naturals.

8.

Defendant Soaring Hill, LLC ("Defendant Soaring Hill") is an Oregon limited liability

Page 3 – SECOND AMENDED COMPLAINT

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email: rachel@preservelegalsolutions.com

company with its principal place of business at the Wagner Property. Defendant Mary Wagner directs the operations of Defendant Soaring Hill. As further described herein, Defendant Soaring Hill manages and maintains the Wagner Property for the purpose of marijuana production and processing.

## FACTUAL ALLEGATIONS

### How the Marijuana Operation Began

9.

On or about December 19, 2016, Defendants Mary and Steven Wagner purchased the Wagner Property for the purpose of providing Defendant Richard Wagner, their adult son, with a place to produce and process marijuana for sale. Defendants Mary Wagner, Steven Wagner and Richard Wagner (collectively, the "Wagner Defendants") agreed to develop the Wagner Property to produce and process marijuana, and to erect structures, purchase and install equipment, fixtures and materials on the Wagner Property for such purposes. The Wagner Defendants further agreed they would each make a financial investment in the Marijuana Operation, and that in exchange, they would each receive a portion of the proceeds from the Marijuana Operation.

10.

During the period from on or about December 19, 2016 to the present, the Wagner Defendants engaged in a series of financial transactions via which they invested money in the Marijuana Operation.

Page 4 – SECOND AMENDED COMPLAINT

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email: rachel@preservelegalsolutions.com

## How the Wagner Property Was Transformed

## Into a Marijuana Production Site

11.

On or about January 2017, Defendant Richard Wagner moved onto the Wagner Property for the purpose of setting up the Wagner Property to produce and process marijuana, and to produce and process marijuana on the Wagner Property.

12.

Beginning on or about January 2017, the Wagner Defendants converted a large barn on the Wagner Property into a fully operational facility for producing and processing marijuana.

13.

Beginning on or about the summer of 2017, the Wagner Defendants erected large commercial greenhouses on the Wagner Property for the purpose of producing marijuana.

14.

Beginning on or about January 2018, the Wagner Defendants purchased and installed an approximately 81,000-gallon commercial water tank on the Wagner Property, including installing a concrete foundation.  The purpose of such tank is to store water for use in the production and processing of marijuana.

15.

During the period from January 2017 to the present, the Wagner Defendants purchased and installed the following items on the Wagner Property for the purpose of producing and processing marijuana:  Tables, insulation, drywall, lighting, fans, climate control equipment and fixtures, electrical circuits, plumbing and fixtures.  During the period from January 2017 to the

Page 5 – SECOND AMENDED COMPLAINT

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email:  rachel@preservelegalsolutions.com

present, the Wagner Defendants purchased, and Defendant Richard Wagner brought to the Wagner Property, the following items for the purpose of producing and processing marijuana: Marijuana plants, harvested marijuana, planting media, plant containers, netting, pallets, fuel, solvents, fungicides, fertilizers, pest control equipment and supplies, hand tools, solvent containers, trimming equipment, processing equipment and packaging materials.

16.

Beginning on or about December 2017, the Wagner Defendants moved large amounts of soil on the Wagner Property to form terraces for the purpose of increasing the size of the outdoor marijuana growing area.

17.

Throughout the period from on or about January 2017 to the present, Defendant Richard Wagner and Defendant Yamhill Naturals produced and processed marijuana on the Wagner Property and distributed it for sale. Each of the Defendants engaged in a series of financial transactions in which they received a portion of the proceeds of the Marijuana Operation.

18.

On or about November 18, 2016, Defendant Richard Wagner formed Defendant Yamhill Naturals for the purpose of branding and marketing marijuana produced by the Marijuana Operation. Since on or about January 2017, the marijuana produced by the Marijuana Operation has been branded as "Yamhill Naturals" and sold under the name of Defendant Yamhill Naturals. Since on or about January 2017, Defendant Yamhill Naturals has engaged in a series of financial transactions in which it received a portion of the proceeds of the Marijuana Operation.

Page 6 – SECOND AMENDED COMPLAINT

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email: rachel@preservelegalsolutions.com

19.

On or about July 11, 2018, Defendant Mary Wagner formed Defendant Soaring Hill for the purpose of managing and maintaining the Wagner Property for the Marijuana Operation, and funding expenses for the Marijuana Operation. Since on or about July 11, 2018, Defendant Soaring Hill has paid for various services and equipment used for the Marijuana Operation on the Wagner Property, including but not limited to construction work related to the commercial water tank.

**The Marijuana Operation's Impact on Plaintiff's Business and Property**

20.

Due to the presence of the Marijuana Operation on the Wagner Property, one of Plaintiff's repeat customers canceled six tons of its order for wine grapes grown on the Momtazi Property. The customer explained it canceled this portion of its order because it contained grapes grown on the section of the Momtazi Property adjacent to the Wagner Property, and the customer believed it was likely the notoriously pungent stench generated by marijuana had contaminated the wine grapes and would adversely influence the wine made from such grapes. Plaintiff has been unable to market and sell grapes grown on the portions of the Momtazi Property nearest to the Wagner Property because of buyers' concerns about marijuana contamination.

21.

In addition, the terracing operation engaged in by the Marijuana Operation on the Wagner Property caused large amounts of earth to flow directly downhill from the terraces into one of the fish-stocked reservoirs on the Momtazi Property, presenting a hazard to the fish and wildlife that

Page 7 – SECOND AMENDED COMPLAINT

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email: rachel@preservelegalsolutions.com

form an essential part of Plaintiff's biodynamic operation. Plaintiff has incurred expenses to mitigate and remediate the conditions caused by the earth movement onto Plaintiff's property.

As part of its biodynamic operation, Plaintiff maintains a small herd of cattle on the Momtazi Property. On or about April 25 and 26, 2017, in apparent retaliation for Plaintiff's opposition to the Marijuana Operation, Defendants and/or their agents trespassed onto the Momtazi Property, deliberately killing a newborn calf and brutally amputating the lower portion of the mother cow's tail. As a direct and proximate result of such acts, Plaintiff suffered injury to its business from the loss of the value of the dead calf and the diminution in market value of the mother cow.

22.

Furthermore, the presence of the Marijuana Operation on the Wagner Property and the effects of its operations on the Momtazi Property have directly and materially diminished the Momtazi Property's fair market value. A vineyard's real property value is heavily dependent upon the marketability of grapes grown on that vineyard property, and as previously described, the marketability of grapes grown on the Momtazi Property has declined as a direct result of the Marijuana Operation's proximity to the Momtazi Property. Further, the Marijuana Operation's impacts on the Momtazi Property jeopardize its Demeter Biodynamic Certification, which is also a material factor in the Momtazi Property's fair market value. In addition, the Momtazi Property's location directly adjacent to an openly operating criminal enterprise even further diminishes its fair market value. The diminished fair market value of the Momtazi Property is reflected in the rental fee that Plaintiff is able to charge for the vineyard on the Momtazi Property, and accordingly, the rental income that Plaintiff receives from renting the vineyard on

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email: rachel@preservelegalsolutions.com

the Momtazi Property is materially less than it would be without the presence of the Marijuana Operation on the Wagner Property.

### Federal Law Prohibits the Production and Distribution of Marijuana

23.

Marijuana is a Schedule I drug under the Controlled Substances Act of 1970 ("Controlled Substances Act"), and its manufacture, distribution and possession are federal criminal offenses. *See* 21 U.S.C. § 812, 823, 841, 844.  In addition to prohibiting producing, possessing and selling marijuana, the Controlled Substances Act also forbids a wide range of other activities connected with the operations of a marijuana business.  It is a crime to possess "any equipment, chemical, product or material" with the intent of using it to manufacture marijuana, or to distribute any such material with the knowledge it will be used to manufacture marijuana. *Id.*, § 843(a)(6) and (7).  The Controlled Substances Act prohibits using a telephone, email, mail or any other "communication facility" to further the manufacture or sale of marijuana, and it is a federal crime to use the Internet to advertise marijuana for sale. *Id.*, § 843(b) and 843(c)(2)(A). Reinvesting the proceeds from marijuana operations is also a crime, as is knowingly facilitating a financial transaction involving funds derived from manufacturing and selling marijuana. *Id.*, § 854(a) and 18 U.S.C. § 1956(a)(1), 1956(h) and 1957(a).

24.

These criminal prohibitions on virtually every aspect of the marijuana business make the federal policy unmistakably clear:  Marijuana is a dangerous drug banned throughout the United States.  And because RICO defines most Controlled Substances Act violations as "racketeering activity," any business engaged in the production and sale of marijuana is a criminal enterprise

Page 9 – SECOND AMENDED COMPLAINT

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email:  rachel@preservelegalsolutions.com

for the purposes of federal law.  18 U.S.C. § 1961(1)(D).  Those who conduct, participate in or conspire to assist such enterprises are subject to the severe criminal sanctions and civil liability RICO imposes.

25.

Despite the strict federal prohibitions on virtually every aspect of the marijuana business, Oregon has adopted a regulatory scheme intended to promote, regulate and tax this illegal industry.  However, the State of Oregon has no power to do so. The Supremacy Clause contained in Article VI of the United States Constitution provides the "Constitution and the Laws of the United States" are "the supreme Law of the Land." Accordingly, state laws contrary to federal law are null and void.  If the citizens of Oregon want to change marijuana law, they must do so via their elected representatives in Congress, not at the state ballot box.

## Defendants Violated the Controlled Substances Act

26.

Each Defendant is an individual or entity capable of holding a legal or beneficial interest in property.

27.

For their mutual and individual profit, all Defendants formed the Marijuana Operation, an association in fact, for the purpose of producing, processing and distributing marijuana.  Given the strict federal prohibitions against each of those purposes, Defendants knew these purposes could only be accomplished via a pattern of racketeering.  In furtherance of that goal, Defendants pooled their resources and achieved enterprise efficiency no one Defendant could have achieved individually.

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email:  rachel@preservelegalsolutions.com

28.

Defendants conspired with each other to violate 21 U.S.C. § 856(a) by using the Wagner Property to produce and process marijuana, to violate 21 U.S.C. § 843(a)(6) by purchasing and installing structures, equipment, fixtures and materials on the Wagner Property for the purposes of producing and processing marijuana, and to violate 21 U.S.C. § 841(a)(1) by producing marijuana, possessing marijuana with intent to distribute and distributing marijuana.

29.

The Wagner Defendants and Defendant Soaring Hill each violated 21 U.S.C. § 843(a)(6) by purchasing and installing equipment, fixtures and materials on the Wagner Property for the purpose of producing and processing marijuana.

30.

In violation of 21 U.S.C. § 843(a)(6), the Wagner Defendants converted a large barn on the Wagner Property into a fully operational marijuana production and processing facility.

31.

The Wagner Defendants violated 21 U.S.C. § 843(a)(6) by erecting large commercial greenhouses on the Wagner Property for the purpose of producing marijuana.

32.

Defendants conspired with each other to violate 21 U.S.C. § 841(a)(1) by producing and processing marijuana on the Wagner Property.

33.

Defendant Richard Wagner and Defendant Yamhill Naturals violated 21 U.S.C. § 841(a)(1) by producing and processing marijuana on the Wagner Property.  Such Defendants

Page 11 – SECOND AMENDED COMPLAINT

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email:  rachel@preservelegalsolutions.com

also violated 21 U.S.C. § 841(a)(1) by possessing marijuana with the intent to distribute them.

34.

Defendants conspired with each other to violate 21 U.S.C. § 841(a)(1) by distributing marijuana, and Defendants Richard Wagner and Yamhill Naturals violated 21 U.S.C. § 841(a)(1) by distributing marijuana produced and processed on the Wagner Property.

35.

As owners of the Wagner Property, Defendants Mary Wagner and Steven Wagner control the Wagner Property. In violation of 18 U.S.C. § 856(a), Defendants Mary Wagner and Steven Wagner have knowingly permitted the production and processing of marijuana on the Wagner Property, and derived a profit from such activity.

36.

To facilitate their violations of the Controlled Substances Act, each of the Defendants violated 21 U.S.C. § 843(b) by communicating via telephone, text messaging, email and social media.

### Defendants' Marijuana Activities Affected Interstate Commerce

37.

In August 2018, the Oregon-Idaho High Intensity Drug Trafficking Area published a report entitled "An Initial Assessment of Cannabis Production, Distribution and Consumption in Oregon 2018 – An Insight Report." Among the "key law enforcement findings" identified in the report is that "Illicit distribution of cannabis has persisted after the emergence of the state-sanctioned market. Between July 2015 and January 2018, 6,602 kg (14,550 lb) of trafficked Oregon cannabis was seized en route to 37 states – worth more than $48 million."

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email: rachel@preservelegalsolutions.com

38.

Defendants' marijuana activities directly affected interstate commerce. Each Defendant received proceeds from the production, processing and distribution of marijuana, deposited proceeds into the federal banking system, and used proceeds to purchase goods and services that traveled in interstate commerce. The Marijuana Operation, including marijuana production and processing on the Wagner Property, was developed and operated with funds, goods and services that traveled in interstate commerce.

## FIRST CLAIM FOR RELIEF

### Violation of 18 U.S.C. § 1962(c) and (d)

### By Plaintiff against All Defendants

39.

Plaintiffs incorporate by reference and reallege the preceding paragraphs.

40.

As described herein, at all relevant times, the Marijuana Operation was an "association in fact" and therefore an "enterprise" as defined in 18 U.S.C. § 1961(4).

41.

As described herein, each Defendant directed and/or conducted the affairs of the Marijuana Operation.

42.

As described herein, each Defendant violated 18 U.S.C. § 1962(d) by conspiring to violate 18 U.S.C. § 1962(c), and each Defendant also violated 18 U.S.C. § 1962(c) by conducting and/or participating in the Marijuana Operation's affairs through a pattern of

Page 13 – SECOND AMENDED COMPLAINT

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email: rachel@preservelegalsolutions.com

racketeering.

43.

As described herein, the Marijuana Operation's activities affected interstate commerce.

44.

As described herein, Defendants' violations of 18 U.S.C. § 1962(c) and (d) directly and proximately injured the Momtazi Property by diminishing its market value, which caused Plaintiff to suffer damages in the form of reduced rental income from the vineyard on the Momtazi Property. Defendants' violations of 18 U.S.C. § 1962(c) and (d) directly and proximately injured the Momtazi Property by causing earth to flow onto the Momtazi Property, causing Plaintiff to incur expenses to mitigate and remediate the conditions caused by the earth movement onto Plaintiff's property. In addition, Defendants' violations of 18 U.S.C. § 1962(c) and (d) directly and proximately injured Plaintiff's business by causing lost sales of wine grapes grown on the Momtazi Property, making grapes grown on the portion of the Momtazi Property adjacent to the Wagner Property more difficult to market and sell, and causing Plaintiff to lose the value of one cow and suffer a diminution in value of a second cow.

45.

Pursuant to 18 U.S.C. § 1964(c), Plaintiff is entitled to treble damages for the injury to the Momtazi Property and injury to Plaintiff's business, and to attorneys' fees and costs.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for judgment as follows:

First Claim for Relief - Violation of 18 U.S.C. § 1962(c) and (d)

By Plaintiff against All Defendants

Page 14 – SECOND AMENDED COMPLAINT

Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Email: rachel@preservelegalsolutions.com

1. For three times the damages to the Momtazi Property caused by Defendants' racketeering activities;

2. For three times the damages to Plaintiff's business caused by Defendants' racketeering activities;

3. For an award of attorneys' fees and costs; and

4. For such other and further relief as the Court shall deem equitable.

DATED October 12, 2020

/s/ Rachel E. Kosmal McCart
Rachel E. Kosmal McCart, Esq., OSB 190172
Preserve Legal Solutions, PC
38954 Proctor Blvd Ste 186
Sandy, OR 97055
Telephone: (844) 468-2388
Attorney for Plaintiff