Matthew A. Goldberg, OSB 052655
Email: matt@lotuslawgroup.com
Allison C. Bizzano, OSB 052014
Email: allison@lotuslawgroup.com
Lotus Law Group, LLC
2 Centerpointe Dr., Ste. 345
Lake Oswego, OR 97035
Telephone: (503) 606-8930

Attorneys for Defendants Mary E. Wagner, Richard Wagner,
Steven Wagner, Yamhill Naturals, LLC, and Soaring Hill, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MOMTAZI FAMILY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MARY E. WAGNER, RICHARD WAGNER, STEVEN R. WAGNER, YAMHILL NATURALS, LLC, and SOARING HILL, LLC,<br><br>Defendants. | Civil No. 3:19:cv-00476-BR<br><br>DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE<br><br>(ORAL ARGUMENT REQUESTED) |

**OPPOSITION**

Pursuant to Fed. R. Civ. P. 41(a)(2), Defendants Mary E. Wagner, Richard Wagner, Steven R. Wagner, Yamhill Naturals, LLC, and Soaring Hill, LLC ("Defendants") respectfully move this Court for an order dismissing this case with prejudice.

1 – DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE

## I. Brief Procedural Background

At all relevant times, Defendants Steven and Mary Wagner ("Mr. and Mrs. Wagner") have owned the real property commonly known as 15500 SE Dusty Drive, McMinnville, Oregon (the "Wagner Property"). Declaration of Mary Wagner, ECF No. 11 ¶ 3; *see also* Declaration of Richard Wagner ECF No. 25 ¶ 3. On or about June 15, 2018, Yamhill Naturals, LLC ("Yamhill Naturals"), a single member Oregon limited liability company owned by Richard, applied for a marijuana producer license with the Oregon Liquor Control Commission ("OLCC"). ECF No. 25 ¶ 4. Yamhill Naturals is not commercially producing, processing, or distributing marijuana on the Wagner Property and has never done so. *Id.* ¶ 8; *see also* ECF No. 11 ¶ 7; *see also* Declaration of Allison C. Bizzano, ECF No. 24 ¶ 2, Ex.1.

Plaintiff Momtazi Family, LLC ("Plaintiff") owns the real property located at 15765 SW Muddy Valley Road, McMinnville, Oregon (the "Momtazi Property"), which is adjacent to the Wagner Property. Second Amended Complaint ¶ 4, ECF No. 52. Mahmood Momtazi ("Mr. Momtazi") is a member and the sole manager of Momtazi Family, LLC. Declaration of Allison C. Bizzano ECF No. 10 ¶ 4. Since learning of Defendants' plans to apply for an OLCC license on the Wagner Property, Mr. Momtazi, by and through Momtazi Family LLC and Maysara Winery LLC, a second company over which Mr. Momtazi is the sole member and manager, has relentlessly pursued Defendants in a variety of judicial and administrative proceedings. ECF No. 24 ¶ 2, Ex. 1.

Plaintiff filed a lawsuit against the Wagners in Yamhill County Circuit Court in the State of Oregon on April 17, 2017 as Case No. 17CV15941 (the "State Lawsuit") based on the same alleged facts and damages. ECF No. 10 ¶ 2, Ex. 1. Plaintiff then initiated this case against Defendants falsely alleging racketeering activity under RICO solely for improper purposes in

order to harass, cause unnecessary delay, and needlessly increase the cost of litigation. ECF No. 24 ¶ 2, Ex. 1.

The State Lawsuit was initially filed by Plaintiffs Harihara Mahesh, Parvathy Mahesh, and Momtazi Family LLC and alleged that the Wagners' *future* intended use of the Wagner Property will cause harm to Maysara Winery LLC's grapes and wine. ECF No. 10 ¶ 2, Ex. 1. On or about August 1, 2018, Plaintiff executed a three-year lease with Maysara to rent it all of its property for $179,000 per month (i.e., *all 532 acres* and all structures, equipment, grapes, and crops). *Id.* ¶ 5, Ex. 3. Plaintiff simultaneously filed a motion to substitute parties in the State Lawsuit. *Id.* ¶ 4, Ex. 2.

Plaintiff, by and through Mr. Momtazi, swore under penalty of perjury that Maysara—not Momtazi—is the true real party in interest in the State Lawsuit. *Id.* In his sworn declaration, Mr. Momtazi claimed that "the interest of Maysara Winery, LLC is the one most immediately threatened by the defendants' anticipated development of a marijuana farm operation, and for that reason it is most appropriate for Maysara Winery, LLC to proceed with the causes of action against the defendants." *Id.*

After nearly three years of litigation in the State Lawsuit, a bench trial was held in February 2020, resulting in a favorable verdict for Defendants on all claims. Declaration of Allison C. Bizzano in Support of Defendants' Response in Opposition to Plaintiff's Notice of Voluntary Dismissal Without Prejudice ("Bizzano Decl.") ¶ 3, Ex. 1. Plaintiffs Maysara and Smera Vineyard LLC filed a Notice of Appeal on February 2, 2021 with the Oregon State Court of Appeals as Case No. A175375 (the "Appeal"). *Id.* ¶ 4. On March 1, 2021, the Appeal was abated and assigned to the Appellate Settlement Conference Program. *Id.* As part of the Appellate Settlement Conference Program and before any mediation or agreement to mediate began, Appellants submitted a

Settlement Conference Statement dated March 10, 2021 (the "Settlement Statement"), listing this federal case as one that should be joined with the Appellate mediation. *Id.* ¶ 5, Ex. 2.

On August 4, 2021, the Appellate Settlement Conference Program Director filed an Order Reactivating and Removing the Case from the Settlement Conference Program, requiring the transcripts in the Appeal to be prepared and served by September 3, 2021. *Id.* ¶ 6, Ex. 3. After Appellants Maysara Winery LLC and Smera Vineyard LLC ("Appellants") filed numerous motions for an extension of time to prepare and file the transcripts, the Oregon Court of Appeals ordered the transcripts to be filed by January 18, 2022 and stated that no additional extensions would be granted. *Id.* ¶ 7. On January 26, 2022, the Court of Appeals set the deadline for Appellants to file their opening brief. The Court noted that Appellants did not file or serve any transcripts by January 18, 2022 and the Appeal would proceed without transcripts. *Id.* ¶ 8, Ex. 4. Just over a year after filing the Appeal, and without ever preparing or filing any transcripts with the Court of Appeals, Appellants filed a Motion to Dismiss the Appeal in its entirety, which was granted on February 10, 2022. *Id.* ¶ 9, Ex. 5.

While the State Lawsuit was still pending, Plaintiff filed this case against Defendants on April 2, 2019, asserting the same alleged damages as those claimed by Maysara in the State Lawsuit. On April 7, 2022, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice[1] (the "Notice of Dismissal") requesting that this Court dismiss this action without prejudice pursuant to Rule 41(a)(2). ECF No. 91. Plaintiff filed its Notice of Dismissal just over three years after it filed this case against Defendants. Notably, this case had a lengthy discovery period. During that time, the parties exchanged over 20,000 pages of documents and were engaged in multiple discovery disputes, which resulted in Defendants filing two Motions to Compel Production of Documents

---

[1] Plaintiff has incorrectly titled the filing as a Notice of Dismissal rather than a Motion to Dismiss this case but has correctly cited authority for the dismissal under Rule 41(a)(2).

4 – DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE

from Plaintiff (the "Motions to Compel") and a hearing on Defendants' Objections to Plaintiff's Rule 30(b)(6) Deposition Topics. *See* ECF Nos. 55, 68. Ultimately, Plaintiff was sanctioned with respect to Defendants' Motions to Compel and an order was entered requiring Plaintiff to clarify the deposition topics in its Deposition Notices to two Defendants. ECF Nos. 55, 68, 86. After the close of discovery and disclosure of expert witness reports, the parties filed a Joint Status Report For Case Management containing remaining benchmarks until the proposed November 2021 trial, just over five months later. Plaintiff then took no action in this case until the Court reached out to the parties on March 11, 2022 regarding the case status and the Court's desire to move the case forward and set it for trial. Bizzano Decl. ¶ 9, Ex. 5.

Three years after filing this case, Plaintiff now seeks to dismiss this case after extensive discovery has been completed, all expert disclosures and reports have been exchanged, and final trial preparation is all that remains. In fact, Plaintiff failed to take any action to move this case forward for nearly a year. Based on the Settlement Statement and recent communications between counsel, it appears that Plaintiff may have delayed seeking to dismiss this action, possibly as a means to stall the build-out of the Wagner Property or otherwise use the case as leverage or as a bargaining chip in an attempt to force Defendants to settle with Plaintiff and Maysara in the State Lawsuit. To date, Defendants have spent $372,162.04 on attorney fees and costs to defend this case; $252,097.06 to defend the State Lawsuit; and $19,068.70 to defend the Appeal of the State Lawsuit. *Id.* ¶¶ 11-13.

II. <u>Argument</u>

    a. <u>Legal Standard</u>

Rule 41(a)(1) provides that a "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for

summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." After a defendant serves an answer of motion for summary judgment, "plaintiff may no longer voluntarily dismiss under Rule 41(a)(1) but must file a motion for voluntary dismissal under Rule 41(a)(2). The purpose of Rule 41(a)(1) "is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.,* 889 F.2d 919, 921 (9th Cir. 1989) (internal citations omitted).

Unlike a Rule 41(a)(1) notice of dismissal, "a Rule 41(a)(2) motion requires court approval." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Rule 41(a)(2) provides that, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper...Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

The Ninth Circuit has instructed that "[a] district court should grant a motion for voluntary dismissal ... unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F3d 972, 976 (9th Cir. 2001) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* (citing *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996)). Although the Ninth Circuit has not defined the term "plain legal prejudice," it has emphasized and focused on harm to "the rights and defenses available to a defendant in future litigation," when considering whether a defendant would suffer plain legal prejudice as a result of the dismissal. *Westlands*, 100 F.3d at 97.

The Northern District Court of California has held the following three factors may be considered by a court when deciding whether a motion for voluntary dismissal should be with or

without prejudice include: "(1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Burnette v. Godshall*, 828 F.Supp. 1439, 1443-44 (N.D.Cal.1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995).

      The Eighth Circuit, Seventh Circuit, and Third Circuit have held that similar factors may be considered in determining if a voluntary dismissal should be with or without prejudice. *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987) (considering the following factors when determining if a dismissal with prejudice would be proper: (1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; (4) the fact that a motion for summary judgment has been filed by the defendant; (5) emotional and psychological trauma associated with the experience of defending another lawsuit; (6) the prejudice resulting from uncertainty over title to land; and (7) the absence of a justification for the proposed dismissal); *Pace v. S. Exp. Co.,* 409 F.2d 331, 334 (7th Cir. 1969) (considering the following factors when determining if a dismissal with prejudice would be proper: (1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant); *Ferguson v. Eakle,* 492 F.2d 26, 29 (3d Cir. 1974) (considering the following factors when determining if a dismissal with prejudice would be proper: (1) emotional and psychological trauma associated with the experience of defending another lawsuit;

(2) the prejudice resulting from uncertainty over title to land; and (3) the absence of a justification for the proposed dismissal.)

### b. **Defendants Will Suffer Legal Prejudice If This Case Is Dismissed Without Prejudice.**

The Court has broad authority and discretion to dismiss an action under Rule 41(a)(2), including whether to dismiss the action with or without prejudice. If the dismissal of an action without prejudice would cause defendant to suffer some plain legal prejudice as a result, the Court may issue a dismissal of the case with prejudice. *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)). To determine if a defendant would suffer a "legal prejudice," the Ninth Circuit has considered the prejudice to defendant's rights, interests, claims, arguments, and defenses available to it in any future litigation. *Id.* (citing *Westlands Water Dist. v. United States*, 100 F.3d 94, 96-7 (9th Cir. 1996)).

The Northern District Court of California, Eighth Circuit, and Seventh Circuit have held that the following three factors may be considered when deciding whether a motion for voluntary dismissal should be with or without prejudice: (1) the defendant's effort and expense in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; and (3) insufficient explanation of the need to take a dismissal. *Burnette*, 828 F.Supp. at 1443-44; *Paulucci*, 826 F.2d at 783; *Pace,* 409 F.2d at 334.

Oregon District Courts have given weight to Fifth Circuit cases evidencing the need for a plaintiff's voluntary dismissal to be with prejudice when no condition could have mitigated the plain legal prejudice and "the party opposing voluntary dismissal had achieved, or was on the cusp of possibly achieving, some legal victory which would be lost if their case was dismissed and the moving party were allowed to refile at a later date." *Hemstreet v. Duncan,* CIV. 07-732-ST, 2008 WL 2167137, at *3 (D. Or. May 21, 2008).

i. <u>Defendant's Effort And Expense In Preparing For Trial</u>

Here, Plaintiff filed its Notice of Dismissal seeking a dismissal of this action without prejudice under Rule 41(a)(2). ECF No. 91. However, Plaintiff filed its Dismissal Request over three years after it initiated this case against Defendants. *See* ECF No. 1. During the first two years in this action, the parties were actively involved in litigating the claims and conducting discovery. In fact, a lengthy and contentious discovery process resulted in sanctions against Plaintiff following Defendants' Motions to Compel. *See* ECF Nos. 55, 68, 86. The parties have also fully disclosed their experts and have exchanged all expert witness reports and rebuttal expert witness reports. Indeed, at the close of discovery, the parties filed a Joint Status Report For Case Management, setting forth a proposed trial date just over five months away from the date of filing. *See* ECF No. 90.

The above timeline, along with the voluminous exchange of documents in discovery and exchange of expert witness reports, evidences that the parties were not just gearing up for trial – they were ready to move forward with trial and were in final pretrial stages of the case's lifecycle. Simply defending themselves against Plaintiff's claims in this difficult, contentious, and lengthy case has cost Defendants approximately $372,162.04 in attorney fees and costs (including expert fees). Bizzano Decl. ¶ 13.

ii. <u>Excessive Delay And Lack Of Diligence By Plaintiff In Prosecuting The Action And Insufficient Explanation For The Need To Dismiss</u>

Here, Plaintiff delayed this action for nearly a year by not seeking to move forward with the case or otherwise reaching out to the Court to prosecute this action after May 21, 2021. After nearly a year of inactivity in this case, and only after the Court reached out to the parties for a status update and to presumably set the case for trial, did Plaintiff decide to dismiss this case – without any explanation to the Court. *See Id.* ¶ 9, Ex. 5; ECF No. 91. Plaintiff provided no

reason in its Notice of Dismissal explaining its reasoning for seeking to dismiss this case. However, the longer this case and/or the Appeal have remained active, uncertain, or without a final adjudication on the merits, the fewer options Defendants have regarding how to proceed in using the Wagner Property (i.e., whether further funds should be used to build-out the Wagner Property). Plaintiff has undoubtably been aware that the longer it drags out this case and/or the Appeal, the less likely Defendants are to continue to develop the Wagner Property with the hope that it might one day be used as an OLCC-licensed facility.

If this case (or any potential refiling of this case) and/or the Appeal remain active, any build-out of the Wagner Property to be used later under an OLCC license could be in vain, costing Defendants even more money and resources than the more than $643,327.80 already incurred in defending against Plaintiff and Appellants' claims in the State Lawsuit, Appeal, and this case. *Id.* ¶¶ 11-13. Moreover, Plaintiff could have and should have dismissed this case earlier but appears to have kept the case active as leverage against Defendant – either for use in the Appeal Settlement Conference or to continue holding the threat of its RICO claim over Defendants, the mere existence of which creates financial hurdles and barriers to Defendants from obtaining loans from financial institutions. See *Id.* ¶ 5, Ex. 2. This case was in its final stages in preparing for trial, after two years of contentious litigation and extensive discovery, yet Plaintiff only seeks to dismiss this case now for fear of losing at trial.

Indeed, Mr. Momtazi, as Plaintiff's representative, stated during Plaintiff's deposition on January 19, 2021, that "I don't have any factual data to prove that [Defendant Richard Wagner]'s selling marijuana." *Id.* ¶ 14, Ex. 6.  Plaintiff's allegation that Richard Wagner is selling marijuana grown on the Wagner property is a linchpin in Plaintiff's claim against *all* of the Defendants in this case.

10 – DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Plaintiff should not be permitted to now dismiss this case without prejudice, which would allow Plaintiff to then simply refile the same, or substantially the same, action at a later date against Defendants because: (1) the parties were in the final stages of this case and ready to move forward with trial; (2) Defendants have already incurred $372,162.04 in attorney fees and costs defending this case; (3) Plaintiff has failed to prosecute this case since May 21, 2021; (4) Plaintiff failed to dismiss this action after it determined it lacked the evidence needed to prove its RICO claim; and (5) Plaintiff provided no explanation whatsoever as to its reasoning for seeking a dismissal of this case at such a late stage in the litigation process. A dismissal without prejudice now would prejudice Defendants as it would be snatching potential victory from Defendants without repercussion to Plaintiff. Therefore, the case should be dismissed with prejudice.

### III. Conclusion

For the foregoing reasons, Defendants respectfully move this Court for an order dismissing this action with prejudice.

Dated:  April 21, 2022.         RESPECTFULLY SUBMITTED,

/s/ Allison C. Bizzano
Allison C. Bizzano, OSB 052014
Matthew Goldberg, OSB 052655
Lotus Law Group, LLC
2 Centerpointe Drive, Suite 345
Lake Oswego, OR 97035
Phone: (503) 606-8930
Fax: (503) 606-8539
allison@lotuslawgroup.com
matt@lotuslawgroup.com

Of Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that on the date set forth below I caused to be served a true and correct copy of DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE on the following parties via electronic means through the Court's Case Management/Electronic Case File system on the date set forth below:

- Rachel Kosmal McCart
  Email: rachel@preservelegalsolutions.com
  Preserve Legal Solutions, PC
  23582 S Day Hill Rd
  Estacada, OR 97023
  *Attorney for Plaintiff*

DATED: April 21, 2022

/s/ Allison C. Bizzano
Allison C. Bizzano, OSB 052014
Matthew Goldberg, OSB 052655
Lotus Law Group, LLC
2 Centerpointe Drive, Suite 345
Lake Oswego, OR 97035
Phone: (503) 606-8930
Fax: (503) 606-8539
allison@lotuslawgroup.com
matt@lotuslawgroup.com
Attorneys for Defendants